**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Krueger Investments, LLC, an Arizona limited liability company, d/b/a/ Eagle Pharmacy No. 2; Eagle Pharmacy, LLC., an Arizona limited liability company, d/b/a Eagle Pharmacy No. 1,<br><br>Plaintiffs,<br><br>vs.<br><br>Cardinal Health 110, Inc., a Delaware corporation; and Cardinal Health 411, Inc., an Ohio corporation,<br><br>Defendants. | CV 12-0618-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Plaintiffs Krueger Investments, LLC and Eagle Pharmacy, LLC's Application for Order to Show Cause Re: Contempt and Motion to Compel Testimony (Doc. 41) and the United States' Cross-Motion to Quash (Doc. 45). The Court now rules on the Motions.

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

Because the parties are familiar with the facts and proceedings as set forth in the record, the Court will recount only that which is directly relevant to the pending motions. On March 2, 2012, Plaintiffs filed suit against Defendants in Maricopa County Superior Court, alleging breach of contract, breach of the covenant of good faith and fair dealing, and tortious interference with contractual relations and business expectancy. Doc. 1-1 at 4–11. The action was later removed to this Court.

On May 23, 2012, Plaintiffs filed a Motion for Preliminary Injunction against Defendants. Doc. 28. On July 3, 2012, Petitioner also filed an "Application for an Order to Show Cause why the Drug Enforcement Administration ("DEA") should not be held in contempt for its refusal to obey a Subpoena to Appear at a deposition," and alternatively, a motion compelling the testimony of the DEA. Doc. 41 at 1–2. The United States, on behalf of the DEA, subsequently filed a Response to Plaintiffs' Motion to Compel Testimony and a Cross-Motion to Quash. Doc. 45 at 1. The Court issued an Order denying Petitioner's Motion for a Preliminary Injunction on July 24, 2012 (Doc. 54), but did not rule at that time on Plaintiffs' Order to Show Cause or Motion to Compel, nor did the Court rule on Defendants' Motion to Quash.

Here, Plaintiffs served a subpoena *duces tecum* on the DEA in an effort "to fully discover the sorts of circumstances under which the DEA would endorse or not endorse the termination of distribution." Doc. 53 at 5. The subpoena required the DEA to appear and testify at a deposition on June 5, 2012 regarding the following:

> 1. All complaints, letters of concern, or other correspondence, in any form including electronic form, related to Krueger Investments, LLC or Eagle Pharmacy, LLC filed with you from January 2011 to present.
>
> 2. All alleged suspicious orders of controlled substances by Krueger Investments, LLC or Eagle Pharmacy, LLC reported to you by any source from January 2011 to present.
>
> 3. All policies and procedures concerning the distribution and sale of controlled substances, including but not limited to, the policies contained in the policy letter from the United States Department of Justice Drug Enforcement Administration to Cardinal Health dated February 7, 2007.
>
> 4. All policies and procedures concerning the prevention of diversion of controlled substances.
>
> 5. All communications to Cardinal Health explaining, interpreting, or providing guidance on the application of all policies and procedures concerning the potential diversion of controlled substances and remedial measures to be employed in response thereto.

Doc. 41-1 at 10. The subpoena also set forth a June 5, 2012 production date for any documents pertaining to items #1, #2, #3, and #4 above. *Id*. at 11.

On May 31, 2012, the DEA (through the U.S. Attorney's Office) sent a letter to

- 2 -

1 Plaintiffs objecting to the subpoena on the following bases: (1) the DEA has no documents 2 that are responsive to the subpoena's production request beyond that which Plaintiffs already 3 possess; (2) the subpoena was unduly broad in seeking all information governing the 4 prevention of diversion of controlled substances and the distribution and sale thereof; (3) the 5 subpoena failed to provide an affidavit or statement "setting forth a summary of the 6 testimony sought and its relevance to the proceeding" as required by 28 C.F.R. 16.21 *et seq.*;[1] 7 and (4) pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the subpoena 8 failed to "describe with reasonable particularity the matters for examination such that DEA 9 can determine what evidence is sought and who would have it." *Id*. at 13–14.

10 In response, Plaintiffs issued subpoenas for the DEA to appear and testify at a June 11 22, 2012 preliminary injunction hearing in another case (*Phat Tai, LLC v. Cardinal Health*, 12 CV 12-0612-PHX-GMS) and a June 19, 2012 deposition for this case. *Id*. at 4. Both 13 subpoenas included an affidavit from Plaintiffs' counsel setting forth Cardinal Health's 14 position in the case in accordance with 28 C.F.R. 16.21 regulations. *Id*.

15 On June 7, 2012, the United States again objected to Plaintiffs' subpoenas and refused 16 to authorize testimony by an unidentifiable DEA employee because "the DEA does not have 17 any information 'known or reasonably available' (Rule 30(b)(6)) to it that is relevant or 18 reasonably likely to lead to admissible evidence on the issues [Plaintiffs] describe in [their] 19 Rule 30(b)(6) subpoenas. . . ." *Id*. at 40.

20 Plaintiffs now request that the DEA be held in contempt for its refusal to obey the 21 subpoenas, or alternatively, that the DEA be ordered to produce a Rule 30(b)(6) witness for 22 a hearing and deposition in this case. The United States moves to quash the deposition 23 subpoena issued to the DEA.

24 **II.    LEGAL STANDARD**

25 Under Rule 45(e) of the Federal Rules of Civil Procedure, this Court may "hold in 26 contempt a person who, having been served, fails without adequate excuse to obey the

27

28 [1]*See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

1 subpoena." Fed. R. Civ. P. 45(e).  However, "[a] nonparty's failure to obey must be excused
2 if the subpoena purports to require the nonparty to attend or produce at a place outside the
3 limits of Rule 45(c)(3)(A)(ii)." *Id*. This Court must quash or modify a subpoena under Rule
4 45(c) if it:

> [R]equires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held. . . .

8 Fed. R. Civ. P. 45(c)(3)(A)(ii). This Court is also permitted to quash or modify a subpoena
9 if it requires the disclosure of "an unretained expert's opinion or information that does not
10 describe specific occurrences in dispute and results from the expert's study that was not
11 requested by a party[.]" Fed. R. Civ. P. 45(c)(3)(B)(ii). Furthermore, "[n]o discovery motion
12 will be considered or decided unless a statement of moving counsel is attached thereto
13 certifying that after personal consultation and sincere efforts to do so, counsel have been
14 unable to satisfactorily resolve the matter." D. Ariz. LRCiv 7.2(j).

15 **III.   ANALYSIS**

16 The United States first argues that because Plaintiffs failed to issue a subpoena to the
17 DEA for a hearing in this case, that part of Plaintiffs' Motion should be denied. Doc. 45 at
18 2. The Court agrees and will therefore only analyze Plaintiffs' remaining motion to compel
19 the DEA to produce a Rule 30(b)(6) deposition witness.

20 In addition to the objections raised in letters rejecting Plaintiffs' subpoenas, the United
21 States now claims that Plaintiffs failed to comply with Local Rule 7.2(j), which requires
22 personal consultation between Plaintiffs and the DEA and a sincere effort to resolve the
23 matter prior to any discovery motion filing. D. Ariz. LRCiv 7.2(j). Here, the Court finds that
24 because Plaintiffs failed to comply with Local Rule 7.2(j), Plaintiffs' Motion to Compel the
25 DEA to produce a Rule 30(b)(6) witness for deposition is improper.

26 Moreover, assuming the DEA can comply with Plaintiffs' Rule 30(b)(6) subpoenas,
27 the Court finds that the DEA had an adequate excuse for refusing to do so. The United States
28 argues that because Plaintiffs' requested testimony from the DEA as to the meaning and

obligations contained within a February 7, 2007 Policy Letter from Joseph T. Rannazzisi, Deputy Assistant Administrator of the Office of Diversion Control, "any enforceable subpoena would have to be for a deposition in Washington D.C. where the Deputy Assistant Administrator and any other witness with authority to bind the DEA would be." Doc. 45 at 3. The Court agrees and finds that because Rule 45 explicitly prohibits a subpoena requiring a non-party to travel more than 100 miles from its place of business to testify, Plaintiffs cannot compel Deputy Rannazzisi to travel to Arizona in order to conduct the requested deposition. Further, accepting the United States' representation that any other responsive witness is in Washington, D.C., those witnesses would also be beyond the 100 mile reach of Rule 45.

Finally, while Plaintiffs seek testimony about whether the DEA has a policy defining "the circumstances under which a distributor is required to terminate distribution of controlled substances to a pharmacy as well as the circumstances under which a distributor may resume distribution of controlled substances to a pharmacy," the United States argues that the "DEA has no such policy" and that it cannot "produce a witness to testify whether Cardinal was acting in compliance with a non-existent policy in this matter." *Id*. The United States further contends that "[r]equiring [the] DEA to provide an expert without factual knowledge to speculate about contract rights among licensees would be contrary to Rule 45(c)(3)(B)(ii)." *Id*. at 5. Here, the Court agrees that the applicable statute, regulations, and Rannazzisi letter in this case are not ambiguous and only address the obligations of Cardinal Health for maintaining its license (rather than Cardinal Health's obligation to Defendants pursuant to their individual distribution contract). Since Rule 45(c)(3)(B)(ii) protects the DEA from "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party," this Court finds the United States' Motion to Quash appropriate under the circumstances.

### III.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Application for Order to Show Cause Re: Contempt and Motion to Compel Testimony (Doc. 41) is denied.

**IT IS FURTHER ORDERED** that United States' Cross-Motion to Quash (Doc. 45) is granted; the subpoena issued to DEA is quashed.

DATED this 9th day of August, 2012.

_____
James A. Teilborg
United States District Judge